UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------

|  |  |  |
|---|---|---|
| BRUCE COMMITTE, | : | CASE NO. 1:18CV01372 |
| Plaintiff, | : |  |
| vs. | : | OPINION & ORDER |
|  | : | [Resolving Doc. 1, 2, 4, 6, 8] |
| JOHN CARROLL UNIVERSITY, | : |  |
| Defendant. | : |  |

-------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

*Pro se* Plaintiff Bruce Committe sues Defendant John Carroll University under the Age Discrimination in Employment Act ("ADEA"). Plaintiff also moves this Court to sue *in forma pauperis*,[1] which are granted.

For the reasons that follow, the Court dismisses this case. Defendant's motion to dismiss for insufficient service of process,[2] and Plaintiff's motion for the Clerk to issue summons[3] are moot and denied as such.

I. Background

According to the resume attached to the complaint, Committe has a B.A., M.A., and PhD. in accounting, and a J.D. He practiced civil rights, consumer rights, criminal

---

[1] Doc. 2 and 4.

[2] Doc. 6.

[3] Doc. 8.

defense, commercial law, tort litigation, and employment discrimination law for 22 years before retiring.[4]

Plaintiff alleges that he applied for a faculty accounting position with Defendant, advertised to begin in August 2017. Committe states that he was 63 years old at the application time and was neither interviewed nor selected for the position. He alleges that only one position was advertised but Defendant hired two new faculty members, both approximately 30 years younger and less qualified than Plaintiff. Plaintiff claims that Defendant has a practice and preference for hiring young Caucasian faculty members. Committe supports this allegation with descriptions of Defendant's website post that introduced new faculty hires for the 2017-2018 academic year.

Plaintiff filed a charge of age discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"). The EEOC made no determination regarding Plaintiff's discrimination claim, and advised Plaintiff of his right to file suit within 90 days of receipt of the letter.[5] Plaintiff timely filed his lawsuit alleging that Defendant violated the ADEA by failing to hire him for a faculty position, and failing to retain records relating to the search for the faculty position as required by the Uniform Guidelines in Employment Selection Procedures.[6] Plaintiff seeks One Million Dollars in damages.

---

[4] *See* Doc. 1-2 at 9-10.

[5] Doc. 1-3.

[6] Doc. 1 ¶ 26.

Case No. 1:18CV01372
Gwin, J.

## II. Discussion

A. Standard of Review

Although *pro se* pleadings are liberally construed,[7] the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[8] A claim lacks an arguable basis in law or fact when it is premised upon an indisputably meritless legal theory or when the factual contentions are clearly baseless.[9]

The dismissal standard for Fed. R. Civ. P. 12(b)(6) articulated in *Bell Atl. Corp. v. Twombly*,[10] and *Ashcroft v. Iqbal*,[11] governs dismissal for failure to state a claim under § 1915(e)(2)(B)(ii).[12] A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint.[13]

Fed. R. Civ. P. 8(a)(2) governs basic federal pleading requirements, and requires that the pleading contain a short and plain statement of the claim showing that the pleader is entitled to relief.[14] "A pair of Supreme Court decisions . . . confirms that [Rule 8] imposes legal *and* factual demands on the authors of complaints."[15] "A claim has facial plausibility

---

[7] *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

[8] *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).

[9] *Neitzke*, 490 U.S. at 327.

[10] 550 U.S. 544 (2007).

[11] 556 U.S. 662 (2009).

[12] *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

[13] *Twombly*, 550 U.S. at 564.

[14] *Iqbal*, 556 U.S. at 677-78.

[15] *16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original) (citing *Twombly* and *Iqbal*).

-3-

Case No. 1:18CV01372
Gwin, J.

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16]

The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true.[17] Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the defendant-unlawfully-harmed-me accusation.[18] A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action does not meet this pleading standard.[19] Where the well-pleaded facts do not permit the Court to infer more than the mere possibility of misconduct, the complaint has alleged, but not shown, that plaintiff is entitled to relief.[20]

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff.[21] That said, the Court is not required to accept as true legal conclusions couched as factual allegations.[22]

B. Plaintiff Fails to State an ADEA Claim

Under the ADEA, 29 U.S.C. § 621 et seq., it is unlawful for an employer to fail to hire an individual 40 years of age or older because of the individual's age. Generally, to

---

[16] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 557).

[17] *Twombly*, 550 U.S. at 555.

[18] *Iqbal*, 556 U.S. at 678.

[19] *Id*.

[20] *Estate of Barney v. PNC Bank, Nat'l Ass'n*, 714 F.3d 920, 924-25 (6th Cir. 2013) (citing *Iqbal*, 556 U.S. at 679).

[21] *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998) (citing *Sistrunk*, 99 F.3d at 197).

[22] *Twombly*, 550 U.S. at 570.

Case No. 1:18CV01372
Gwin, J.

state a valid claim a complaint must contain either direct or inferential allegations respecting all material elements to sustain recovery under some viable legal theory. Unless there is direct evidence of age discrimination in hiring, a plaintiff must establish that: (1) he is over the age of 40, (2) he applied for and was qualified for the position; (3) he was considered for and denied the position; and (4) he was rejected in favor of a significantly younger person with similar or inferior qualifications.[23] Regardless of whether the evidence is direct or circumstantial, a plaintiff alleging an ADEA claim must show that age was the "but for" cause of the employer's adverse action.[24]

Under *Swierkiewicz v. Sorema, N.A.*,[25] a plaintiff need not plead the elements of a prima facie case of employment discrimination to survive a motion to dismiss. That said, *Swierkiewicz* did not change the law of pleading, and "offers no gateway for a plaintiff to side-step the 'plausibility' standard laid out in *Twombly* and *Iqbal*."[26] "The plausibility standard, though it does not require probability, 'asks for more than a sheer possibility that a defendant has acted unlawfully.'"[27] Thus, although Plaintiff need not plead a prima facie case of age discrimination, he must put forward facts which, taken as true, plausibly allege that Defendant did not hire him for a faculty accounting position because of his age.[28]

---

[23] *George v. Youngstown State Univ.*, No. 4:17CV2322, 2019 WL 118601, at *7 (N.D. Ohio Jan. 7, 2019) (citing among authority *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 142 (2000)).

[24] *See Provenzano v. LCI Holdings, Inc.*, 663 F.3d 806, 811 (6th Cir. 2011) (citation omitted).

[25] 534 U.S. 506 (2002).

[26] *Smith v. Wrigley Mfg. Co., LLC*, 749 F. App'x 446, 448-49 (6th Cir. 2018) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 609-10 (6th Cir. 2010)).

[27] *Id.* (quoting *Iqbal*, 556 U.S. at 678).

[28] *Twombly*, 550 U.S. at 570 (to state a claim for relief plaintiff must allege enough facts to nudge his claim across the line from conceivable to plausible).

Case No. 1:18CV01372
Gwin, J.

Plaintiff attaches a number of exhibits to the complaint, that the Court considers in determining whether Plaintiff states a plausible claim for relief.[29] The first is a job posting by Defendant for an assistant professor of accounting.[30] But this is not the job posting that Plaintiff applied for. Plaintiff claims that he applied for the "same position" posted in the exhibit, but states that the job posting he responded to "appeared in another advertised location with different language than that appearing in Exhibit 1."[31] Plaintiff does not attach the actual job posting for which he applied, nor provide any information regarding the differences between the position posting attached to the complaint and the position posting for which he applied. The Court cannot guess on the job description and requirements for the position that Plaintiff applied for.

Plaintiff alleges that he was not selected for a faculty accounting position and that Defendant hired two persons "for the subject accounting faculty position," Joanna Garcia and Arthur Pretzel. Plaintiff attaches what he alleges to be the resumes of these individuals as exhibits to the complaint. But while he has named Garcia and Pretzel in the complaint, Plaintiff has redacted identifying information, including names, from the attached resumes, and references to Pretzel appear in what is purported to be Garcia's resume.[32] The Court is left to speculate as to whether the resumes attached to the complaint are those of Garcia and Pretzel.

---

[29] *See* Fed. R. Civ. P. 10(c).

[30] Doc. 1-1.

[31] Doc. 1 ¶ 7.

[32] *See* Doc. 1 ¶ 8; Doc. 1-2 at 1-8.

-6-

Case No. 1:18CV01372
Gwin, J.

Plaintiff alleges that he is more qualified than Garcia and Pretzel when considering the "announced job criteria in the job announcement at Exhibit 1 and the resumes of Plaintiff, Garcia, & Pretzel." [33] But Plaintiff's attached resume contains a notation stating: "This is current 2018 resume, not one submitted to John Carroll University."[34] The Court is left to speculate as to the content of the resume Plaintiff provided to Defendant when applying for an accounting faculty position and, as noted supra, the job requirements of the position for which Plaintiff applied. The Court is also left to speculate as to whether Garcia and Pretzel applied for the same job posting as Plaintiff.

The Court is not required to accept as true non-specific allegations, unwarranted factual inferences, or legal conclusions.[35] Nor is the Court is required to engage in speculation or conjure factual allegations on Plaintiff's behalf.[36]

Even liberally construing the complaint, the Court would need make inference upon inference and guess to find that Plaintiff stated a plausible claim that Defendant is liable for age discrimination. This the Court is not required to do.[37]

---

[33] Doc. 1 ¶ 14.

[34] Doc. 1-2 at 9.

[35] See *Hendrock v. Gilbert,* 68 F. App'x 573, 574 (6th Cir. 2003) (collecting cases); *Gregory v. Shelby Cty.,* 220 F.3d 433, 446 (6th Cir. 2000) (citations omitted).

[36] See *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.,* 842 F.3d 430, 438 (6th Cir. 2016) (Rule 8 does not require the court to engage in speculation) (citations omitted); *see also Erwin v. Edwards,* 22 F. App'x 579, 580 (6th Cir. 2001) (generous construction of *pro se* pleadings does not require the court to conjure allegations on the plaintiff's behalf).

[37] See *Harper,* 842 at 438 (citations omitted).

Case No. 1:18CV01372
Gwin, J.

Plaintiff has failed to allege enough facts which, taken as true, say a claim that rises above the speculative level and nudges his ADEA claim across the line from conceivable to plausible.[38] Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

C. Proceeding *in Forma Pauperis*

Plaintiff is a familiar ADEA litigant in the Northern District of Ohio and federal courts around the country. With few exceptions, Plaintiff sought to proceed with these cases *in forma paupersis* and was permitted to do so without payment of the required filing fee.[39]

In addition to the instant action, Plaintiff has filed two other ADEA lawsuits in the Northern District of Ohio alleging that a local university did not hire him for an accounting faculty position because of his age: (1) Case No. 1:17-cv-01534* (Committe v. Jianping Zhu (Cleveland State University)) (dismissed pursuant to § 1915(e), appeal dismissed for want of prosecution); and (2) Case No. 5:16-cv-00712 (Committe v. University of Akron) (dismissed for failing to comply with order to file an application to proceed *in forma pauperis* or pay the filing fee).

In Oregon District Court, Committe filed four lawsuits related to Oregon State University's failure to hire him for a faculty position: (1) Case No. 3:13-cv-01341* (Committe v. Oregon State University) (granting defendant's motion for summary judgment, affirmed on appeal to the Ninth Circuit); (2) Case No. 6:16-cv-00962*

---

[38] Plaintiff also fails to state a claim for failing to retain records relating to the search for the faculty position as required by the Uniform Guidelines in Employment Selection Procedures ("Guidelines"). The Guidelines, codified at 29 C.F.R § 1607, are not legally binding and are evidentiary. *See Ass'n of Mexican-Am. Educators v. State of California*, 231 F.3d 572, 585 n.8 (9th Cir. 2000) (citing *Albemarle Paper Co. v. Moody*, 422 U.S. 405, 431 (1975)).

[39] Case numbers marked with an asterisk indicate that the action proceeded *in forma pauperis*.

-8-

Case No. 1:18CV01372
Gwin, J.

(Committe v. Oregon State University) (granting defendant's motion to dismiss); (3) Case No. 6:18-cv-328* (Committe v. Oregon State University) (granting defendant's motion to dismiss) ; and (4) Case No. 3:18-cv-1013* (Committe v. Miller Nash Graham & Dunn LLP) (pending – alleging retaliation by law firm representing Oregon State University for seeking an order restricting Committe from filing future age discrimination cases against Oregon State University).

Between 2015-2018, Committe filed cases in multiple jurisdictions related to a university's alleged unlawful failure to hire him for a faculty position: (1) W.D. Michigan Case No. 2:16-cv-00081* (Committe v. Northern Michigan University) (granting defendant's motion for summary judgment); (2) N.D. Florida Case No. 4:15-cv-00228 (Committe v. Florida State University) (granting defendant's motion to dismiss, appeal dismissed for want of prosecution); (3) S.D. Ohio Case No. 1:15-cv-00653 (Committe v. University of Cincinnati) (granting defendant's motion to dismiss); (4) District of Columbia Case No. 1:18-cv-00018* (Committe v. Georgetown University) (granting defendant's motion to dismiss); (5) N.D. Texas Case No. 2:17-cv-00131* (Committe v. Terry (West Texas A&M University)) (granting defendant's motion to dismiss, appeal dismissed for want of prosecution); and (6) N.D. New York Case No. 6:17-cv-000784* (Committe v. Yen (State University of New York)) (granting defendant's motion to dismiss).

Proceeding *in forma pauperis* is a privilege, not a right.[40] Committe's repeated filing of meritless lawsuits alleging that various universities unlawfully failed to hire him for faculty positions diverts judicial resources, interferes with the orderly administration of

---

[40] *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

Case No. 1:18CV01372
Gwin, J.

justice, and is incompatible with the privilege of proceeding *in forma pauperis*.[41] "[F]ederal courts have the inherent power to impose appropriate sanctions, including restrictions on future access to the judicial system, to deter future frivolous, harassing, or duplicative lawsuits."[42] This inherent power includes denying the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing meritless lawsuits.[43]

This Court has a responsibility to ensure that the judiciary's resources are allocated in a manner that advances the interests of justice. Given Committe's history of filing losing lawsuits, the Court concludes that allowing him to continue to file lawsuits in the district without payment of the filing fee does not promote use of Court resources in the interest of justice.[44]

Accordingly, in the future, Plaintiff Bruce Committe will be required to pay the full filing fee if he desires to pursue civil litigation in the Northern District of Ohio.

---

[41] *See Moore v. Controlled Substances Act,* Nos. 4:06-CV-43; 4:06-CV-45, 2006 WL 1313880, at *1 (W.D. Mich. May 12, 2006).

[42] *Lawrence v. Bevin*, CIVIL ACTION NO. 1:16CV-P161-GNS, 2017 WL 1103616, at *3 (W.D. Ky. Mar. 24, 2017) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 43–45 (1991); *Futernick v. Sumpter Twp.*, 207 F.3d 305, 314 (6th Cir. 2000); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987)).

[43] *See In re McDonald*, 489 U.S. 180, 184–85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir. 1989) (per curiam); *Weber v. Louisville Metro. Police Dep't*, Civil Action No. 3:16-cv-779-DJH, 2017 WL 1293019, at *2 (W.D. Ky. Apr. 5, 2017) (citing *In re McDonald*).

[44] *See Maxberry,* 879 F.2d at 224.

Case No. 1:18CV01372
Gwin, J.

### III. Conclusion

For the foregoing reasons, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and is closed. Plaintiff's motions to proceed *in forma* pauperis are granted.[45] Defendant's motion to dismiss for insufficient service of process,[46] and Plaintiff's motion for the Clerk to issue summons,[47] are moot and denied as such.

Further for the reasons stated herein, Plaintiff Bruce Committe shall be required to pay the full filing fee if he desires to pursue civil litigation in the Northern District of Ohio.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated: February 25, 2019            *s/ James S. Gwin*
                                                       JAMES S. GWIN
                                                       UNITED STATES DISTRICT JUDGE

---

[45] Doc. 2 and 4.
[46] Doc. 6.
[47] Doc. 8.