UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------

|                          |   |                       |
|--------------------------|---|-----------------------|
| BRUCE COMMITTE,          | : | CASE NO. 1:18CV01372  |
| Plaintiff,               | : |                       |
| vs.                      | : | OPINION & ORDER       |
|                          | : | [Resolving Doc. 11]   |
| JOHN CARROLL UNIVERSITY, | : |                       |
| Defendant.               | : |                       |

------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 25, 2019, the Court issued an Opinion & Order and Judgment Entry dismissing *pro se* Plaintiff Bruce Committe's age discrimination complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).[1] On March 11, 2019, Plaintiff filed a "Motion for Retrial and Judge Disqualification,"[2] to which Defendant John Carroll University responded.[3]

For the following reasons, the Motion is denied.

## I. Background

The factual background of this case was set forth in the Court's Opinion & Order dismissing this action.[4] Summarized briefly, Plaintiff alleges that he has a B.A., M.A., and PhD. in accounting, and a J.D., and is retired from 22 years in civil rights, consumer rights, criminal defense, commercial law, tort litigation, and employment discrimination practice

---

[1] Doc. 9 & 10.
[2] Doc. 11.
[3] Doc. 12.
[4] Doc. 9.

of law in the areas of.[5]  Plaintiff applied with Defendant for a faculty accounting position but was not selected.  Plaintiff claims that he was not selected because of his age.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that Defendant violated the Age Discrimination in Employment Act ("ADEA"), but the EEOC made no determination regarding Plaintiff's discrimination claim and instead issued a right to sue letter.  Plaintiff timely filed this lawsuit alleging that Defendant violated the ADEA by failing to hire him for the faculty position and sought One Million Dollars in damages.

After construing the complaint liberally in Plaintiff's favor, the Court found that Plaintiff failed to allege facts which, taken as true, were sufficient to support his ADEA claims above the speculative level and nudge them across the line from conceivable to plausible.

Plaintiff's Motion consists of two parts: (1) for a new trial, and (2) for disqualification of the undersigned.  The Court addresses Plaintiff's Motion as to disqualification first.

## II. Discussion

A. Plaintiff's Motion for Disqualification is Denied

A federal judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."[6]  "The law regarding recusal under [28 U.S.C. § 455(a)] is straightforward and well-established in the Sixth Circuit.  A district court is required to recuse himself only if a reasonable person with knowledge of all the facts would conclude

---

[5] *See* Doc. 1-2 at 9-10.

[6] 28 U.S.C. § 455(a).

Case No. 1:18CV01372
Gwin, J.

that the judge's impartiality might reasonably be questioned."[7] "This standard is objective and is not based 'on the subjective view of a party.'"[8] Generally, prejudice or bias sufficient to justify recusal must be personal or extrajudicial.[9] "Although a judge is obliged to disqualify himself where there is a close question concerning his impartiality, … he has an equally strong duty to sit where disqualification is not required[.]"[10]

Plaintiff argues that the Court's opinion dismissing this case evidences bias because: (1) of the Court's "twisted interpretation" of Plaintiff's allegations in the complaint, and (2) the Court stated that "Plaintiff redacted" identifying information from the resumes attached to the complaint. Plaintiff's first argument is unavailing. Alleged bias based upon "the judge's view of the law or the facts of the case itself is not sufficient to warrant disqualification."[11]

With respect to Plaintiff's second argument, even crediting the truth of Plaintiff's claim that he is not responsible for the resume redactions, the effect of the redactions on the Court's analysis remains the same – the Court "is left to speculate as to whether the resumes attached to the complaint are those of [the individuals Plaintiff claims were hired

---

[7] *Wheeler v. Southerland Corp.,* 875 F.2d 1246, 1251 (6th Cir. 1989) (internal quotation marks and citation omitted)).

[8] *Id.* (quoting *Browning v. Foltz,* 837 F.2d 276, 279 (6th Cir. 1988)).

[9] *In re M. Ibrahim Khan, P.S.C.,* 751 F.2d 162, 164 (6th Cir. 1984) ("Impressions based on information gained in the proceedings are not grounds for disqualification in the absence of pervasive bias.") (internal quotation marks and citation omitted) (collecting cases).

[10] *United States v. Angelus,* 258 F. App'x. 840, 842 (6th Cir. 2007) (internal citation omitted) (citing *Laird v. Tatum,* 409 U.S. 824, 837 (1972) (separate memorandum of Rehnquist, J.)).

[11] *Fharmacy Records v. Nassar,* 572 F. Supp. 2d 869, 876 (E.D. Mich. 2008) (citing *United States v. Story,* 716 F.2d 1088, 1090 (6th Cir. 1983)).

-3-

Case No. 1:18CV01372
Gwin, J.

by Defendant instead of him]."[12]  Moreover, mistakes by a judge of fact and law, alone, are insufficient to demonstrate personal bias requiring recusal.[13]

Plaintiff shows no evidence that the Court holds a personal bias against him or in favor of Defendant, or of any legitimate reason to question the Court's impartiality. Plaintiff simply disagrees with the Court disposition of the case.  Disagreement with a judge's decision or ruling is not a basis for disqualification.[14]

In addition, because Plaintiff's argument for disqualification is based upon events occurring in connection with his lawsuit, Plaintiff must demonstrate that the Court's bias "is so extreme as to display clear inability to render fair judgment."[15]  Plaintiff has failed to do so.  Accordingly, the Court exercises its discretion and denies Plaintiff's Motion with respect to disqualification.

B. Plaintiff's Motion for Retrial is Denied

Plaintiff captions his pleading as a "Motion for Retrial" but the Court dismissed this case pursuant to 28 U.S.C. § 1915(e) and there was no trial.  Although Plaintiff is a lawyer, the Court will liberally construe Plaintiff's arguments under both Fed. R. Civ. P. 59(e) and Fed. R. Civ. P. 60(b).

---

[12] Doc. 9 at 6.

[13] See *Anderson v. Williamson*, 47 F. App'x 333, 335 (6th Cir. 2002) (alleged mistakes of fact and law, in the absence of evidence of personal bias, does not call into question the judge's impartiality and the district court did not err in denying plaintiff's motion for disqualification) (citations omitted).

[14] See *Liteky v. United States*, 510 U.S. 540, 555–56 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.") (citation omitted).

[15] *Id.* at 551; see also *United States v. Adams*, 722 F.3d 788, 838 (6th Cir. 2013) ("Defendants have not met the 'extreme' bias or prejudice standard under *Liteky* because the district court judge's statements amount to criticism and disapproval of defendants and other coconspirators, not deep-seated favoritism or antagonism.") (citing *Liteky,* 510 U.S at 555).

-4-

Case No. 1:18CV01372
Gwin, J.

Under Rule 59(e), the Court may grant a motion to alter or amend judgment: (1) to correct a clear error of law; (2) to address newly discovered evidence; (3) to address an intervening change in controlling law; or (4) to prevent manifest injustice.[16] "It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or 'to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.'"[17]

Under Rule 60(b), the Court may relieve a party from a final judgment or order where the party shows: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ... misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief. To obtain relief under Rule 60(b), Plaintiff must establish that the circumstances of his case satisfy one of the enumerated reasons contained in Rule 60(b).[18]

In support of the Motion, Plaintiff contends that 28 U.S.C. § 1915(e) is unconstitutional.[19] He further argues that the Court correctly stated the caselaw concerning

---

[16] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

[17] *McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F. Supp. 1182, 1184 (N.D. Ohio 1996) (citation omitted).

[18] *See Johnson v. Unknown Dellatifa*, 357 F.3d 539, 542-43 (6th Cir. 2004).

[19] Plaintiff's claim that § 1915(e) is unconstitutional is without merit. *See Hawkins v. Morse*, 194 F.3d 1312 (Table) (6th Cir. 1999) ("Plaintiff's constitutional challenge to §§ 1915(e), 1915A, and 1997e(e) fails.") (citations omitted).

Case No. 1:18CV01372
Gwin, J.

age discrimination, but erroneously applied that law to the factual allegations in the complaint when performing the § 1915 screening analysis. Plaintiff, then reprises the allegations in complaint and explains his disagreement with the Court's analysis.[20]

Plaintiff also takes issue with the Court's consideration of the numerous age discrimination cases that Plaintiff has filed across the country when ordering that Plaintiff must pay the filing fee should he file future cases within the Northern District of Ohio. He contends that his other age discrimination cases were unsuccessful because in the last quarter of 2016 he was ill and lacked funds, and "I kept getting case dismissals like the judge ordered in this case – orders that read more like advocacy papers than orders written by an unbiased judge."[21]

Plaintiff neither addresses the law applicable to his Motion nor how his arguments satisfy the requirements of Rule 59(e) or Rule 60(b). Plaintiff's disagreement with the Court's ruling, and attempt to reargue his case, are insufficient to raise a valid basis upon which to amend, alter, or vacate the Court's judgment under either Rule 59(e) or 60(b).[22] Accordingly, the Motion is denied.

---

[20] Doc. 11 at 2-11.

[21] *See id.* at 11-18.

[22] *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("Rule 59(e) is not an opportunity to re-argue a case.") (citation omitted); *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) ("Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof.") (citations omitted).

### III. Conclusion

For the foregoing reasons, Plaintiff's Motion for a new trial and disqualification is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Dated:  May 30, 2019            *s/     James S. Gwin*
                                                     JAMES S. GWIN
                                                     UNITED STATES DISTRICT JUDGE